

### OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Sidney J. Brown
County Attorney
Fort Bond County
Richmond, Texas

Dear Sir:

Opinion No. O-7282

Re: Authority of the county executive
committee to assess the various
candidates for county offices as
an expense of the primary a fee
for members of said committee for
each day they attend a meeting.

Your letter of recent date requesting an opinion from
this department on the above subject matter is in part as follows:

"I would like to know if the county executive
committee of the democratic party has the right to
assess the various candidates for county offices as
an expense of the primary a fee for members of the
executive committee for each day that they attend a
meeting. Article 3108 of RCS of Texas does not pro-
vide this as being a necessary expense of holding
the primary and my contention is that the committee-
men from each precinct are not entitled to any pay
for their attendance."

Article 3108, V. A. C. S., provides:

"At the meeting of the county executive com-
mittee provided in Article 3117, the county committee
shall also carefully estimate the cost of printing the
official ballots, renting polling places where same
may be found necessary, providing and distributing all
necessary poll books, blank stationery and voting
booths required, compensation of election officers and
clerks and messengers, to report the result in each
precinct to the county chairman, as provided for here-
in, and all other necessary expenses of holding such
primaries in such counties and shall apportion such
cost among the various candidates for nomination for
county and precinct offices only as herein defined,
and offices to be filled by the voters of such county

Mr. Sidney J. Brown - Page 2

or precinct only (candidates for State offices excepted), in such manner as in their judgment is just and equitable, giving due consideration to the importance and emoluments of each such office for which a nomination is to be made and shall, by resolution, direct the chairman to immediately mail to each person whose name has been requested to be placed on the official ballot a statement of the amount of such expenses as apportioned to him, with the request that he pay the same to the county chairman on or before the Saturday before the fourth Monday in June thereafter." (Underscoring ours)

Article 3117, V. A. C. S., is as follows:

"The various county committees of any political party, on the third Monday in June preceding each general primary, shall meet at the county seat and determine by lot the order in which the names of all candidates for all offices requested to be printed on the official ballot shall be printed thereon."

Article 3118, V. A. C. S., reads as follows:

"There shall be for each political party required by this law to hold primary elections for nomination of its candidates, a county executive committee, to be composed of a county chairman, and one member from each election precinct in such county; the committeeman from such election precinct shall be chairman of his election precinct, and the said county chairman shall be elected on the general primary election day; the county chairman by the qualified voters of the whole county, and the precinct chairman by the qualified voters of their respective election precincts. Said county and precinct chairman shall assume the duties of their respective offices on Saturday following the run-off primary immediately after the committee has declared the results of the run-off primary election. Said county chairmen shall be ex-officio a member of the executive committee of all districts of which his county is a part, and the district committee thus formed shall elect its own chairman. Any vacancy in the office of chairman, county or precinct, or any member of such committee shall be filled by a majority vote of said executive committee. The list of election precinct chairmen and the county chairmen so elected, shall be certified by the county convention to the county clerk, along with the other nominees of said party. If there are no requests filed for candidates for county and precinct chairman, a blank space shall be left on the ticket beneath the designation of such position."

Sidney J. Brown - Page 3

In the case of Kauffman v. Parker, 99 S. W. (2d) 1074, the court had before it a similar question to the one presented in your request. We quote the following language from said case:

"The money when collected and placed in the hands of the appellants (the committee) became a trust fund, and could only be disbursed and paid out as provided by statute; certainly it could not be spent by the chairman of the executive committee, these appellants, (the committee) for salaries and services performed by the chairman, nor could it be spent for unnecessary expenses, but must be spent for the purposes intended by the statute and under the provisions of the statutes authorizing such expenditures." (Parenthesis ours)

Money collected under the provisions of Article 3108 to defray the expenses of the primary cannot be spent for items not within the purview of said Article. See: Small v. Parker, 119 S. W. (2d) 11.

We are unable to find any provisions in the statute allowing the members of the county executive committee any fees for attending a meeting of said committee. Your question should, therefore, be answered in the negative and it is so answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By J. C. Davis, Jr.
      J. C. Davis, Jr.
      Assistant

By John Reeves
      John Reeves

APPROVED JUN 20 1938

FIRST ASSISTANT
ATTORNEY GENERAL

JCD:jm



APPROVED
OPINION
COMMITTEE
BY [illegible]
CHAIRMAN